**HIGHWAY CONST. CO. OF OHIO, Inc.**

v.

**UNITED STATES.**

No. 11856.

United States Court of Appeals
Sixth Circuit.

Jan. 26, 1954.

Paul W. Walter, Cleveland, Ohio (King E. Fauver, Elyria, Ohio, Charles A. Baker, Parker Fulton, Burgess, Fulton & Fullmer, Cleveland, Ohio, on the brief), for appellant.

Harland F. Leathers, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Harland F. Leathers, Washington, D. C., John J. Kane, Jr., John S. Mudri, Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment of the District Court rendered upon motion for summary judgment in an action to recover excessive war profits in the amount of $100,000 pursuant to the terms of Section 403(c) of the Renegotiation Act, 50 U.S.C.A.Appendix § 1191. There is no controversy as to the facts. On May 9, 1945, the chairman of the War Department Price Adjustment Board, acting pursuant to the Renegotiation Act as amended, made a unilateral determination and order that of the profits realized by the appellant during its fiscal year ending December 31, 1942, the sum of $100,000 represented excessive profits. Notice, demand, and non-payment are conceded. A petition was filed for recovery of the amount claimed as excessive profits and appellant in its answer attacked the constitutionality of the Renegotiation Act. It also contended that, as the contracts in question were completed on or before October 1, 1942, and within the limitation of the 1942 Act, an allegation which is not denied, appellant was entitled to a redetermination by the District Court as to the existence of the excessive profits alleged to have been received from such contracts.

The District Court found, and it is conceded, that appellant did not appeal the determination of excessive profits to the Tax Court. The court held that the Tax Court has exclusive jurisdiction to determine the question of excessive profits, and that the District Court is not authorized to entertain such a defense. The court found that appellant was entitled to a tax credit of $53,182.87 and entered judgment for the difference between this sum and $100,000, together with interest.

The sole question presented in the brief submitted prior to argument was whether the appellant's failure to appeal the unilateral determination of excessive profits made by the Secretary of War as to contracts subject to renegotiation under the Renegotiation Act of 1942 deprived the United States District Court of jurisdiction to determine the question of excessive profits as to such contracts. Applicable statutes are printed in the margin.[1]

In its brief appellant admitted that its case falls within the decision of the United States Supreme Court in Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694. That case upheld the constitutional validity of the Renegotiation Act and also declared that the requirement of appeal to the Tax Court applies to contracts falling within the 1942 Renegotiation Act, under which the determination of excessive profits is made by the Secretary of the Department concerned, as well as to contracts falling within the Revenue Act of 1943, 58 Stat. 78, under which the determination of excessive profits is made by the War Contracts Price Adjustment Board. The appellant contended that the judgment of the District Court should be reversed for the reasons set forth in the dissenting opinion in Lichter v. United States, supra. Since Section 403 (e) (1), 50 U.S. C.A.Appendix, § 1191(e) (1), provides that the contractor "may" file a petition for redetermination with the Tax Court and gives exclusive jurisdiction to the

---

1. Title 50, U.S.C.A. Appendix § 1191(e) (1). "Any contractor * * * aggrieved by an order * * * determining the amount of excessive profits received * * * may, within ninety days * * * file a petition with The Tax Court of the United States for a redetermination thereof. Upon such filing such court shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor, and such determination shall not

be reviewed or redetermined by any court or agency."
Title 50 U.S.C.A.Appendix § 1191(e) (1). "* * * In the absence of the filing of a petition with The Tax Court of the United States under the provisions of and within the time limit prescribed in subsection (e) (1) [of this section], such order shall be final and conclusive and shall not be subject to review or redetermination by any court or other agency."

Tax Court upon the filing of such petition, appellant argues that petitioner is given an option as to whether it will or will not file such a petition with the Tax Court, and that, in the absence of such filing, jurisdiction of the Tax Court does not attach. Hence it contends that the District Court has jurisdiction here to re-examine the issue of excessive profits determined by the agency.

This was the precise contention rejected by the Supreme Court of the United States in the Lichter case, supra, 334 U.S. 788, 792, 68 S.Ct. 1319. We follow the law as declared in that case that the provision granting to the Tax Court exclusive jurisdiction to review excessive profits "applied also to any determination made by a Secretary *after* February 25, 1944, with respect to a fiscal year ending before July 1, 1943." The court further said:

"We uphold the decisions below and the contentions of the Government to the effect that the statutory provision thus made for a petition to the Tax Court was not, in any case before us, an optional or alternative procedure. It provided the one and only procedure to secure a redetermination of the excessive profits which had been determined to exist by the orders of the respective Secretaries or of the Board in the cases before us. Failure of the respective petitioners to exhaust that procedure has left them with no right to present here issues such as those as to coverage and the amount of profits which might have been presented there."

Another question not before presented nor briefed was injected into the case at the hearing, namely, that the District Court was without jurisdiction to hear the action or to enter the judgment appealed from. Appellant urges that Section 403(c) of the Renegotiation Act as amended by the Revenue Act of 1943, 58 Stat. 78, specifically limits the actions which may be brought in the District Court and that the instant cause is not one of those authorized by this section. Original Section 403(c) of the Renegotiation Act, 56 Stat. 245, provides that the Secretary "may bring actions in the appropriate courts of the United States to recover" excessive profits paid to a contractor or subcontractor. Appellant concedes that if this form of Section 403 (c) is applicable here the District Court has jurisdiction. But Section 403(c) (1) on Renegotiation of War Contracts, 58 Stat. 78, 83, gives jurisdiction to the District Court when an order is entered by "the Board," that is, the War Contracts Price Adjustment Board, Section 403(d). Since the order was made by the Secretary and not by the Board, appellant vigorously urges that the District Court had no jurisdiction to enter the judgment appealed from.

This question we think has been settled by the Supreme Court in the case of Lichter v. United States, supra. In that case the lower courts had squarely held that as to subcontracts awarded in 1942 and all executed prior to October 21, 1942 (the date of the initial amendment of the Renegotiation Act), the Revenue Act of 1943, 58 Stat. 78, was applicable. The Revenue Act of 1943, 58 Stat. 78, gave exclusive jurisdiction to the Tax Court and this provision was applied to the transactions of 1942. Moreover, the determination of excessive profits in that case was made by a Secretary and not by the Board.

The Supreme Court affirmed this judgment in a holding which treated the Renegotiation Act, including its amendments (Lichter v. United States, supra, 334 U.S. 745, 68 S.Ct. 1297, court's footnote 1) as consisting of six separate legislative enactments, including the two forms of Section 403(c) involved here. The Supreme Court pointed out that the amendment by Section 701(b) of the Revenue Act of 1943, February 25, 1944, "is sometimes called the Second Renegotiation Act * * *" but the Supreme Court said "the entire § 403, both in its original and amended forms may be properly cited as the 'Renegotiation Act.'"

The arguments advanced upon this contention, not urged until hearing before this court, are in substance the same as those rejected in the Lichter case, which held that an order determining excessive profits, made by a Secretary under the 1942 Act, was to be challenged under the procedure set up in the 1943 Act.

The judgment of the District Court is affirmed.